UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ALCAZAR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BUBBA GUMP SHRIMP CO. RESTAURANTS, INC., et al.,<br><br>　　　　Defendants. | Case No. 20-cv-02771-DMR<br><br>**ORDER ON DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 15 |

Plaintiff Juan Alcazar filed this putative class action on April 21, 2020, alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, and related state laws against Defendants Bubba Gump Shrimp Co. Restaurants, Inc. ("Bubba Gump") and Landry's Payroll, Inc. ("Landry's"). [Docket No. 1 ("Compl.").] Defendants now move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). [Docket Nos. 15 ("Mot."), 17 ("Reply").] Alcazar filed a timely opposition.[1] [Docket No. 16 ("Opp.").] This motion is appropriate for disposition without oral argument. Civil L.R. 7-1(b). However, the case management conference will go forward on August 13, 2020 as scheduled.

For the reasons stated below, the motion is denied.

**I.　BACKGROUND**

Alcazar is "a visually-impaired and legally blind person who requires screen-reading software to read website content using his computer." Compl. ¶ 1. Bubba Gump is a restaurant establishment that has restaurant locations across the United States, including within California. Mot. at 4. Bubba Gump operates a website for its restaurants at www.bubbagump.com. Compl. ¶¶

---

[1] Alcazar does not oppose Defendants' motion with respect to Landry's and consents to Landry's dismissal from the case. Opp. at 3 n. 1. Accordingly, the case is dismissed as to Landry's.

3, 8. The website offers various services, such as the ability to search for restaurant locations, buy gift cards and merchandise, and schedule group events. Compl. ¶ 24.

Alcazar has visited Bubba Gump's website on multiple occasions with the assistance of screenreading software, which translates written web content into an audio format. Compl. ¶¶ 17, 26-27. In order for screenreaders to function, information on a website must be capable of being rendered into text. Alcazar alleges that Bubba Gump's website contains multiple barriers to using a screenreader, including (1) lack of alt-text for graphics and images,[2] (2) empty links that do not contain text; (3) redundant links that direct to the same URL address; and (4) lack of alt-text for linked images. *Id.* ¶ 28. As a result, blind users cannot access the same content available to sighted users. *Id.* ¶ 32. For example, Alcazar could not find the location and hours of operation for Bubba Gump's restaurants and therefore was prevented from visiting the restaurants. *Id.*

Alcazar asserts that the website denies visually-impaired individuals equal access to Bubba Gump's services and therefore violates the ADA and California's Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq.* He seeks to represent a class of "all legally blind individuals who have attempted to access Defendant's website by the use of a screen reading software during the applicable limitations period up to and including final judgment in this action." Compl. ¶ 43. The subclass of California users is defined identically but is limited to legally blind individuals in California. *Id.* ¶ 44. Alcazar seeks injunctive relief requiring Bubba Gump to make its website accessible to visually-impaired users, statutory damages, pre-judgment interest, attorneys' fees, and costs.

Bubba Gump moves to dismiss all claims for lack of subject matter jurisdiction.

**II.    LEGAL STANDARD FOR RULE 12(B)(1) MOTIONS**

A motion to dismiss filed pursuant to Rule 12(b)(1) is a challenge to the court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). A court will dismiss a party's claim for lack of subject matter jurisdiction "only when the claim is so insubstantial, implausible, foreclosed by prior decisions of th[e Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citation and quotation

---

[2] Alt-text is "invisible code embedded beneath a graphic or image on a website that is read to a user by a screen-reader." Compl. ¶ 28(a).

1  marks omitted); *see* Fed. R. Civ. P. 12(b)(1). The challenging party may make a facial or factual
2  attack challenging subject matter jurisdiction. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).
3  A facial challenge asserts that "the allegations contained in a complaint are insufficient on their face
4  to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).
5  In contrast, a factual attack disputes "the truth of the allegations that, by themselves, would
6  otherwise invoke federal jurisdiction." *Id.* at 1039. A factual challenge permits the court to look
7  beyond the complaint, without "presum[ing] the truthfulness of the plaintiff's allegations." *White*,
8  227 F.3d at 1242 (citation omitted). Even the presence of disputed material facts "will not preclude
9  the trial court from evaluating for itself the merits of jurisdictional claims." *Roberts v. Corrothers*,
10 812 F.2d 1173, 1177 (9th Cir. 1987) (citations omitted).

## III.   DISCUSSION

Bubba Gump argues that the complaint should be dismissed for lack of subject matter jurisdiction because the barriers alleged in the complaint have been fully remedied.

### A.   Legal Framework for Website Accessibility

Title III of the ADA prohibits discrimination "on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To succeed on a Title III claim, a plaintiff must establish "(1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable*, Inc., 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. §§ 12182(a)-(b)).

The Ninth Circuit has held that the ADA applies to websites run by public accommodations such as restaurants because they connect customers to the services provided by the physical locations. *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905 (9th Cir. 2019). However, the ADA does not specifically describe which features are required to make a website accessible, and the Department of Justice ("DOJ") has not yet issued guidelines for website accessibility. Instead, the regulations broadly require public accommodations to "furnish appropriate auxiliary aids and

services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c)(1). "[A]uxiliary aids and services" include "[q]ualified readers; taped texts; audio recordings; Brailled materials and displays; screen reader software; magnification software; optical readers; secondary auditory programs (SAP); large print materials; accessible electronic and information technology; or other effective methods of making visually delivered materials available to individuals who are blind or have low vision." 28 C.F.R. § 36.303(b)(2). DOJ regulations implementing the ADA are entitled to deference. *Bragdon v. Abbott*, 524 U.S. 624, 646 (1998).

The World Wide Web Consortium ("W3C") is a private organization that develops website standards. W3C's Web Accessibility Initiative publishes Web Content Accessibility Guidelines ("WCAG"), which are "private industry standards for website accessibility developed by technology and accessibility experts." *Robles*, 913 F.3d at 902 n. 1; *see also* Web Accessibility Initiative, *Web Content Accessibility Guidelines (WCAG) Overview*, https://www.w3.org/WAI/standards-guidelines/wcag (last visited August 8, 2020). Though WCAG are "private, unenforceable guidelines," *Robles*, 913 F.3d at 907, they "have been widely adopted, including by federal agencies, which conform their public-facing electronic content to" WCAG standards. *Id.* at 902 n. 1. WCAG 2.1 is the most recent version of the guidelines.

**B.   Mootness**

Alcazar seeks an injunction requiring Bubba Gump to conform its website with WCAG 2.1. Bubba Gump asserts that Alcazar's claims are moot because it has already remedied any ADA violations on its website. Mot. at 6. Specifically, Bubba Gump contracted with a third-party web accessibility specialist, AudioEye, in 2018. *Id.* Sean Bradley, AudioEye's co-founder and the senior vice president of Customer Advocacy, explains that the company uses "continuous software monitoring as well as individual personal monitoring" to identify and remedy access barriers on Bubba Gump's website. [Docket No. 15-6, Declaration of Sean Bradley ("Bradley Decl.") ¶ 3.] On May 11, 2020, AudioEye issued a report evaluating the website's accessibility features. Bradley Decl., Ex. A, Overview Report. Bradley represents that that the website "has been found to be fully compliant with the [WCAG] 2.1." Bradley Decl. ¶ 4. Bubba Gump argues that since all the alleged barriers have been remedied, the case is moot and must be dismissed for lack of subject matter

jurisdiction.

In response, Alcazar submits a declaration from Kannan Arumugam, an ADA consultant with expertise in WCAG 2.1 standards. [Docket No. 16-1, Declaration of Kannan Arumugam ("Arumugam Decl.").] Arumugam testifies that he tested Bubba Gump's website on July 1, 2020 to compare it against WCAG 2.1 guidelines. *Id.* ¶ 3. He found numerous accessibility issues with the website, including:

> (1) no headings in the home page, which prevents legally blind users from understanding the structure of the page (2) links which could not be determined because they are not descriptive and meaningful on their own, such that legally blind users cannot understand the purpose of the links, (3) images with lots of information, but without equivalent alt text, such that it is not conveyed to the legally blind users, and (4) landmark names that are not unique to identify each of the restaurants by the legally blind users.

*Id.* P 3. Arumugam opines that, due to these issues, the website is not compliant with WCAG 2.1 standards. *Id.* ¶¶ 3-4. Alcazar also submitted a declaration. [Docket No. 16-2, Declaration of Juan Alcazar ("Alcazar Decl.").] He testifies that he visited Bubba Gump's website again on June 30, 2020 and July 1, 2020, which is after AudioEye issued its Overview Report. *Id.* ¶ 3. According to Alcazar, the website still contains accessibility barriers, including lack of headings, alt-text for the "Group and Events" section, and instructions for inputting customer information. *Id.* ¶¶ 4-7. Alcazar argues that because these barriers have not been remedied, his claims are not mooted and the case should not be dismissed.

On reply, Bubba Gump submitted a supplemental report from AudioEye. [Docket No. 17-2, AudioEye Response to Specific Plaintiff Statements & Claims.] The report addresses each issue raised by Arumugam and Alcazar and represents that these concerns are not violations of WCAG 2.1 standards. For example, AudioEye states that WGAC 2.1 does not require headings and "[l]ack of headings does not block one's access to content within a page." *Id.* at 1. In addition, Bubba Gump intends to comply with WGAC 2.1's "AA Success Criteria" rather than its more demanding "AAA Success Criteria." *Id.* at 4. Some of the issues identified by Alcazar are violations only of AAA Success Criteria and not AA Success Criteria. *Id.*

In ruling on a Rule 12(b)(1) motion, a district court "is ordinarily free to hear evidence

5

regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). However, it is inappropriate to resolve factual disputes when "the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (internal quotation marks and citation omitted). Since the existence of barriers is both a jurisdictional and substantive issue in an ADA action, courts have declined to dismiss cases where there are disputed facts about whether alleged barriers have been remedied. *See, e.g.*, *Ngoc Lam Che v. San Jose/Evergreen Cmty. Coll. Dist. Found.*, Case No. 17-cv-00381-BLF, 2017 WL 2954647, at *3 (N.D. Cal. July 11, 2017) (denying Rule 12(b)(1) motion where the parties submitted competing expert declarations); *Acosta v. Fast N Esy II, Inc.*, 2017 WL 75796, at *4 (E.D. Cal. Jan. 9, 2017) ("At this early stage of the litigation, when no discovery has been conducted, resolving jurisdictional facts that are intertwined with the substantive merits of Plaintiff's ADA claim is improper."); *Johnson v. Jacobs*, 2015 WL 1607986, at *3 (E.D. Cal. Apr. 9, 2015) ("Clearly the ADA provides the basis for both the subject matter jurisdiction of this Court and Plaintiff's substantive claims for relief. Addressing the merits of Defendants' attack on jurisdiction would require the Court to resolve disputed issues of fact."). By contrast, courts have granted Rule 12(b)(1) motions where there was no genuine dispute that ADA defendants had resolved the issues identified in the complaint. *See, e.g.*, *Langer v. Nenow*, 2020 WL 708144, at *4 (S.D. Cal. Feb. 12, 2020) (finding that a plaintiff's ADA claim was moot where a defendant submitted evidence and an expert report that the alleged violations had been cured and plaintiff did not submit competing evidence).

In this case, Alcazar and Bubba Gump submitted competing evidence about whether the alleged violations on Bubba Gump's website violate WGAC 2.1 standards. The evidence raises a genuine factual issue about whether the alleged barriers have been remedied, and this dispute goes to both the jurisdictional questions and the merits of Alcazar's claim. Based on the authority cited above, it is inappropriate to resolve the factual disputes at this stage of litigation, before discovery has commenced. In addition, whether Bubba Gump's website violates WGAC 2.1 standards is informative to, but not dispositive of, whether it violates the ADA. Thus, these issues are more

1 appropriately addressed on summary judgment or at trial.

2 Accordingly, Bubba Gump's motion to dismiss is denied.[3] However, the court notes that some of the violations listed in Plaintiff's declarations are not clearly alleged in the complaint. Alcazar is ordered to file an amended complaint that includes the allegations he made in opposition to this motion by August 24, 2020.[4]

## IV.  CONCLUSION

For the reasons stated above, the court denies Bubba Gump's motion to dismiss for lack of subject matter jurisdiction. Alcazar shall file an amended complaint by August 24, 2020. By agreement of the parties, Landry's is dismissed from the action.

**IT IS SO ORDERED.**

Dated: August 11, 2020



Donna M. Ryu
United States Magistrate Judge

---

[3] It is not necessary to reach the dispute over whether accessibility issues "may reoccur," since that argument assumes that the barriers have been fully remedied.

[4] As explained above, the court is typically free to consider evidence outside the pleadings to decide a Rule 12(b)(1) motion. However, this evidentiary standard is "not appropriate . . . where issues of jurisdiction and substance are intertwined." *Robert v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). In such a case, the district court instead assumes the truth of allegations in the complaint, as it would for a Rule 12(b)(6) motion. *See id.* Accordingly, Alcazar must amend his complaint to sufficiently allege the jurisdictional and substantive facts as stated in his evidentiary submissions.